UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RANDY MAURICE BRIDGES,<br><br>                Petitioner,<br>     v.<br><br>ISIDRO BACA, *et al.*,<br><br>                Respondents. | Case No. 3:15-cv-00121-MMD-VPC<br><br>ORDER |

In this habeas corpus action, brought by Nevada prisoner Randy Maurice Bridges, the Court entered an order on December 7, 2015, dismissing the action on the ground that Bridges' claims are barred by the procedural default doctrine. *See* Order entered December 7, 2015 (dkt. no. 16). Judgment was entered the same day. *See* Judgment (dkt. no. 17).

On January 29, 2016, Bridges filed a document (dkt. no. 18) that the Court construes as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). On February 8, 2016, Bridges filed a "Motion for Leave to Supplement Rule 60(b) Motion" (dkt. no. 19).  In an order entered on February 9, 2016 (dkt. no. 20), the Court granted Bridges' motion for leave to supplement his motion, and ruled that it would consider that document as a supplement to his motion for relief from judgment. On February 16, 2016, Bridges filed another document in support of his motion for relief from judgment (dkt. no. 21); the Court considers that document, as well, as a supplement in support of Bridges' motion for relief from judgment. On February 22,

2016, respondents filed an opposition to Bridges' Rule 60(b) motion (dkt. no. 22). Bridges filed a reply to respondents' opposition on March 24, 2016 (dkt. no. 23).

In order to preserve the finality of judgments, the Federal Rules of Civil Procedure limit a party's ability to seek relief from a final judgment. *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). Rule 60(b) lists six grounds under which a party may seek relief from a final judgment:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In determining whether to grant relief from a judgment, a court may consider whether (1) the intervening change in law overruled an otherwise settled legal precedent in petitioner's favor; (2) the petitioner was diligent in pursuing the issue; (3) the final judgment caused one or more of the parties to change his position in reliance on the judgment; (4) there is delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; (5) there is a close connection between the original and intervening decisions at issue in the Rule 60(b) motion; and (6) relief from judgment would upset the principles of comity governing the interaction between coordinate sovereign judicial systems. *Phelps*, 569 F.3d at 1135-40 (involving a motion made under Rule 60(b)(6) based on a change in controlling law).

Bridges makes no showing that relief from the judgment is warranted in this case. The Court will deny his motion. Bridges reargues the question whether the fugitive disentitlement doctrine was adequate to support the respondents' procedural default defense, but does not cite to any evidence or legal authority indicating that Nevada

courts have inconsistently applied the doctrine. *See Bennett v. Mueller*, 322 F.3d 573, 585 86 (9th Cir. 2003).

Bridges has not made any showing that relief from the judgment under Federal Rule of Civil Procedure 60(b) is warranted in this case.

It is therefore ordered that petitioner's motion for relief from judgment (dkt. nos. 18, 19, 21) is denied.

DATED THIS 5th day of April 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE