UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RANDY MAURICE BRIDGES,<br><br>　　　　　　　　　　Petitioner,<br>　v.<br><br>ISIDRO BACA, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 3:15-cv-00121-MMD-VPC<br><br>ORDER |

The Court dismissed this habeas corpus action on December 7, 2015, on the ground that petitioner Randy Maurice Bridges' claims are barred by the procedural default doctrine, and judgment was entered the same day. *See* Order entered December 7, 2015 (ECF No. 16); Judgment (ECF No. 17). On April 5, 2016, the Court denied Bridges' motion for relief from judgment. *See* Order entered April 5, 2016 (ECF No. 24). On April 20, 2016, Bridges filed a notice of appeal (ECF No. 25), appealing from the denial of the motion for relief from judgment.

On April 29, 2016, the Ninth Circuit Court of Appeals remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability with respect to the denial of the motion for relief from judgment. *See* Order filed April 29, 2016 (ECF No. 27).

The standard for issuance of a certificate of appealability is governed by 28 U.S.C. § 2253(c). The Supreme Court has interpreted section 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district

> court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir.2000). Applying this standard, the Court finds that a certificate of appealability is not warranted with respect to the denial of the motion for relief from judgment.

The Court denied Bridges a certificate of appealability regarding its December 7, 2015, order granting respondents' motion to dismiss on procedural default grounds, ordering the action dismissed, and directing that judgment be entered. *See* Order entered December 7, 2015 (ECF No. 16), at 11-12.

In his motion for relief from judgment, Bridges made no showing justifying relief from the judgment. In his motion, Bridges only reargued the question whether the fugitive disentitlement doctrine was adequate to support respondents' procedural default defense; he did not cite to any evidence or legal authority indicating that Nevada courts have inconsistently applied the doctrine. *See Bennett v. Mueller*, 322 F.3d 573, 585 86 (9th Cir. 2003). The Court determines that jurists of reason would not find debatable the Court's determination that the state courts' application of the fugitive disentitlement doctrine supports respondents' procedural default defense, and would not find debatable the denial of the motion for relief from judgment.

It is therefore ordered that petitioner is denied a certificate of appealability with respect to the denial of his motion for relief from judgment.

DATED THIS 3rd day of May 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2